MUNICIPIO DE ARECIBO, demandante y apelado, *v.* ARTURO GONZÁLEZ, JR., demandado y apelante.

Núm 7946.—*Sometido:* Noviembre 27, 1939. *Resuelto:* Noviembre 30, 1939.

*Dubón & Ochoteco*, abogados del apelante; *L. Mercader*, abogado del apelado.

---

\* NOTA: Véase el prefacio.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este pleito se inició en febrero 1, 1937, por demanda presentada en la Corte de Distrito de San Juan por el Municipio de Arecibo contra Arturo González, Jr., en cobro de $1,893.75 y sus intereses legales a partir del 9 de junio de 1932 y de $631.25 y sus intereses legales a partir de agosto 29, 1933, con más las costas y honorarios de abogado.

Contestó el demandado, fué el pleito a juicio y la corte lo falló por sentencia de octubre 11, 1937, declarando la demanda con lugar.

Apeló el demandado, radicándose los autos en la secretaría de esta corte en marzo 13, 1939. Solicitó cuatro prórrogas para presentar su alegato, archivándolo finalmente en julio 19, 1939.

En julio 31, 1939, la parte apelada pidió la desestimación del recurso, señalándose la vista de la moción para noviembre 27 en curso.

Las razones que se aducen para la desestimación son las que siguen:

‘‘(a) Es frívolo (el recurso), porque la demanda fué por cobro de cantidades que el demandado percibió del demandante, ilegalmente, cuestión que prácticamente no se ha negado por el demandado. La contestación y aceptación del fallo lo insinúan así.

‘‘(b) La falta de la transcripción de evidencia coloca a este tribunal en plano diferente al de la corte de distrito para considerar los errores levantados por el apelante referentes a si debe pagar los intereses desde tal o cual fecha. Al parecer preténdese argumentar una cuestión de derecho, sin tener en cuenta que ella tendría que descansar *antes* sobre el hecho, determinado en el juicio, de cuándo y cómo la inferior llegó a la conclusión para determinar que esos intereses deben cobrarse así. Por ejemplo, ¿cómo podría ahora este tribunal justificar si el demandante requirió al demandado para el pago del dinero que bajo proposiciones inexactas percibió del actor? Ése es un hecho, que en ausencia de la transcripción no es posible evidenciarlo. Esto aparte de que el apelante admite que recibió del municipio los cheques cuando nunca hizo entrega ni acopió la planta, es decir, el demandado se enriqueció con fondos

del demandante, que es un organismo público, y, por tanto, debe devolver la cantidad y sus intereses desde el propio día en que tuvo lugar el lamentable suceso.''

Nada contestó el apelante por escrito ni oralmente. No compareció al acto de la vista de la moción. Examinando su alegato, encontramos que en él imputa a la corte sentenciadora dos errores. Sostiene que se cometió el primero al condenársele a pagar intereses sobre $1,893.75 a partir de abril 23, 1932, y sobre $631.25 a partir de agosto 29, 1933, cuando sólo los debía a partir de la fecha en que la demanda se interpuso, ya que no alegándose en ésta la fecha en que se hizo el requerimiento de pago, la única que podía fijarse era la de la radicación de la demanda, y aduciendo como fundamento del segundo que aun en el caso de que viniera obligado a pagar intereses desde que percibió las cantidades reclamadas, nunca lo estaría a satisfacerlos sobre la primera, o sea $1,893.75, a partir del 23 de abril de 1932, porque de la propia demanda consta que no fué hasta el 9 de junio de 1932 que se le entregó dicha suma.

La falta de la transcripción de la evidencia, base principal de la moción de desestimación, se explica en el alegato por el apelante como sigue:

''No se ha elevado la transcripción de evidencia a los fines de la presente apelación, por considerarla innecesaria, ya que el primer error discutido aparece de la propia demanda y de la Relación de Hechos y Opinión en el presente recurso.''

¿Es la explicación aceptable? Veámoslo.

Parece conveniente antes aclarar que según la sentencia tal como consta de la transcripción preparada por el propio apelante y radicada en la secretaría de esta corte, no se condenó al demandado a pagar intereses sobre la primera suma reclamada a partir de abril 23, 1932, si que a partir de junio 23, 1932. En tal virtud el segundo señalamiento de error carece de base y en el primero está equivocada la expresión de dicha fecha.

690

Resta sólo determinar si los intereses deben computarse o no a partir de la interposición de la demanda. Es cierto que en la demanda se dijo:

"Que el demandante requirió al demandado para que le pague y devuelva la suma de $1,893.75 y sus intereses legales hasta su total pago, y asimismo los otros $631.25 y los intereses legales hasta su total solvento, a lo que dicho demandado no accedió."

Siendo cierto por tanto que no fija la fecha del requerimiento, pero como dicha fecha pudo probarse en el juicio, se hace necesario tener a la vista la transcripción de la evidencia para que este tribunal al resolver el recurso tenga ante sí todos los elementos que tuvo la corte sentenciadora para concluir como concluyó que los intereses se debían desde las fechas que fijó en su fallo.

No cabe, pues, prescindir de la transcripción para resolver en un sentido o en otro la única cuestión envuelta en la apelación, o sea la de la fijación de la fecha desde cuándo se deben los intereses, ya que en cuanto a la realidad de la deuda principal el demandado que la negó durante el pleito, implícitamente la ha reconocido después de dictada la sentencia al señalar los errores en que funda la apelación que contra la misma interpuso.

*Siendo ello así la moción debe ser declarada con lugar y en su consecuencia desestimarse el recurso.*

El Juez Asociado Sr. Travieso no intervino.